Kelly agt. Thayer.

---

## SUPREME COURT.

### Henry J. Kelly agt. Bezabel Thayer.

Where the parties stipulated that a motion noticed for a special term, might be heard before the judge at chambers, with the same effect as though heard at special term, and that upon filing his decision, an order might be entered in pursuance thereof, " as of the special term:"

*Held*, that an order purporting to have been made by the judge " at chambers, as of special term," could not be supported as an order of the court, and an appeal from an order thus entered was dismissed.

*Quere.* Whether the decision of the judge at chambers, under such a stipulation, amounts to an *award ?*

To give effect to the intention of the parties in such a case, the prevailing party should enter the order as an order of the special term, without reciting the stipulation, or noticing the fact that it was heard at chambers, instead of being heard at special term.

*It seems* the court at special term would refuse to set aside an order thus entered, upon the ground that the party was *estopped* by his stipulation.

Where an order has been entered up by inadvertence, which plainly frustrated the object the parties had in view in entering into the stipulation, *it seems* the court at special term may set aside both the order and stipulation.

When a judgment creditor is not one of the petitioning creditors in insolvent proceedings, under article third of the insolvent debtor's act, the discharge does not subvert the judgment as a lien upon the insolvent's real estate, although it extinguishes it as a personal debt against the insolvent. (*Per* MORGAN, *J.*)

*Onondaga General Term, April, 1865.*

*Before* BACON, MORGAN, FOSTER *and* MUULLIN, *Justices.*

APPEAL from order of special term. The affidavits show that the plaintiff, a resident of Canada, on the 11th day of August, 1854, recovered a judgment in the courts of this state for $270.07, against the defendant in an action on the case in trover; that said judgment was docketed the same day in Oswego county, and became a lien on certain real estate of the defendant in that county; that an execution was issued the next day, and duly returned *nulla bona;* and the reason stated is, that the said real estate on which the judgment was a lien, was so covered with prior liens, that nothing could be made; that the defendant was duly discharged, under the third article of the insolvent act, on the 15th day of October, 1856; that the said real estate, with other property, was assigned to trustees under said act, October 7, 1856, and they afterwards conveyed it to Richard Smith; and that Newall and Andrews are now in possession, under an executory contract of sale, claiming through Richard Smith.

The affidavits also state that David Goit, of Mexico, Oswego county, is the assignee of the judgment, but they do not agree as to the time he became such, whether before the application of the insolvent for a discharge, or afterwards; that on the 19th day of November, 1862, *all the prior judgment liens* being discharged by lapse of time, or otherwise, the attorney on behalf of David Goit, the assignee of the judgment, issued an execution to the sheriff of Oswego county, with instructions to him to sell said real estate to satisfy the judgment, but not any *afterwards* acquired by the

defendant; that the sheriff sold the same, and the time for redemption expired April 13th, 1864, no one redeeming from the sale.

. It is further stated, that the assignee of the insolvent sold the said real estate to Richard Smith, at public auction, for the sum of five dollars. This motion is made on behalf of the subsequent purchasers under Smith, to vacate the sheriff's sale and his certificate, and for a perpetual stay of execution upon the said judgment. The motion was first heard before Justice BACON, at chambers, under a stipulation that it should have the like effect as though heard at a special term, for which it was regularly noticed. The judge granted the motion, which was drawn up and entered, "at chambers as of special term."

The plaintiffs appealed to the general term, and the appeal was dismissed upon the ground that it appeared to be a chamber order.

Another motion was then made before Justice BACON, at special term, for leave to vacate, modify, correct or set aside the order made at chambers under the stipulation, and that the caption thereof be so amended, that an appeal may be taken from it to the general term as a special term order; or that a special term order might be made; or for other relief, as to the court should seem meet.

This motion was founded upon the original papers—the stipulation, the opinion of the court at general term, and an affidavit giving a history of all the prior proceedings upon the motion.

Upon this motion, the justice at special term thought it was right to amend the original order, or that a new order be entered, on which an appeal could be taken. An order was accordingly drawn up and entered at the special term, reaffirming the decision as contained in the first order, but containing a recital that the motion was by stipulation to be heard before Justice BACON, at chambers, with the same effect as though heard and decided at the special term for which it

was originally noticed; and further reciting that the *motion was in fact made at chambers, in pursuance of the stipulation.*

GEORGE W. KENNEDY, *for appellant.*
CHAS. H. DOOLITTLE, *for respondent.*

*By the court,* MORGAN, J. It is objected that the order of the special term is erroneous, for the reason that the prior decision of the justice at chambers, was in effect an award, and superseded the original motion. As the papers now before us clearly show that the motion was referred by stipulation to a justice at chambers, and that the justice in fact heard the motion at chambers, it is very difficult to overcome the objection. I think it is shown very clearly in the opinion of Brother MULLIN, that the question upon the motion was the subject matter of an arbitration. Still the parties contemplated that a rule or judgment should be entered with the same effect as though the motion had been heard at a special term. It is impossible to give full effect to the stipulation, unless the prevailing party is at liberty to enter an order as of special term; which, as was said in the opinion of this court upon the first appeal, should be drawn up without anything appearing upon its face to show that it is not in fact what it purports to be.

The practice has been too long established, of hearing motions at chambers under stipulations of this character, to justify us in making any hasty decision, which would invalidate the proceedings, and disappoint the expectation of the parties. Nor can I see any impropriety in tolerating a practice which, by stipulation, allows the judge holding the special term, to hear motions at his chambers which are duly noticed for his special term. If an order is entered as though the motion was heard and decided at special term, an appeal may doubtless be taken to the general term, and the court at general term will not, I think, go behind the papers brought up on appeal, to inquire whether or not the decision was

Kelly agt. Thayer.

made by the judge at chambers, instead of being made by him at his special term. That question must go to the special term, and I think it is the established practice of that court to refuse to set aside the order, if the motion was fairly made and decided under the stipulation. I think I should hold the party to his stipulation, in all cases where no surprise or injustice could be shown as grounds for interference.

The respondent's counsel seems to have totally misunderstood or disregarded the intimations thrown out in the opinion of this court upon the former appeal, for he has literally loaded down his papers with a history of the stipulation and the proceedings under it; and finally, we are told that the justice at chambers heard the motion and decided it. All this knowledge should have been left out of the case, if he intended to have us decide the appeal upon its merits. The order made at special term seems to be unauthorized, for it merely attempts to affirm an order made by a single judge at his chambers; and it purports to be made upon the authority of the stipulation, whereas the stipulation refers the motion to the judge at chambers, which was the main difficulty in the case on the former appeal. As the papers now appear, there are plausible grounds for holding with Brother MULLIN, that the matter in dispute appears to have been taken out of court, and referred to arbitration. I am, however, inclined to the opinion that the parties may get rid of the embarrassment, by a motion to the court at special term to set aside the stipulation, and all proceedings under it, as having been unadvisedly taken in ignorance of the practice of the court in such cases, and resulting in depriving the parties of important rights, which it was one object of the stipulation to preserve.

It was my own impression that either party on filing the stipulation, might draw up and enter a special term order, embodying the decision of the judge at chambers, without any reference to its being heard at chambers; and if either of the parties had done this, even after the decision of the

general term dismissing the former appeal, I do not now see how the other party could have avoided its effect, unless he had applied to the special term to set it aside; which application, I think, would have been denied. The only remedy for the defeated party would then be to appeal from the order of the special term refusing to set aside the order thus entered, in pursuance of the stipulation. And whether this court would interfere in such a case, it is unnecessary to decide, although it was pretty strongly intimated in the opinion of this court upon the former appeal, that the parties could be held to abide by an order which they had stipulated for in such a case.

Upon the merits, I am clearly of the opinion that the order cannot be sustained. The statute under which the defendant obtained his discharge, does not in any manner interfere with the prior liens of judgment creditors, except when they become petitioning creditors, and then they are required to add a declaration which operates as an assignment of the judgment to the insolvent's assignee's, for the benefit of all the creditors. (2 *R. S.* 36, § 11.)

It is apparent from this provision, that the judgment still continues a lien on the real estate of the insolvent, except when the judgment creditor is one of the petitioners. But if there was any doubt upon the language of this section, it is resolved by the subsequent provisions of the statute. The assignees or trustees, appointed under article third, take the real estate subject to judgment liens, and may redeem the same by satisfying the judgment, or they may sell subject to the judgment. (2 *R. S.* 42, § 7, *sub.* 7.)

It was decided in *Deyo* agt. *Van Valkenberg* (5 *Hill*, 242), that the discharge under article third, extinguished the judgment as a debt against the defendant, so that he could not afterwards be arrested upon a *ca. sa.* Although the judge in this case stated, in his opinion, that the discharge extinguished the judgment as effectually as if it had been paid or released, the case itself did not call for so sweeping a decla-

ration.　It was not the intention of the legislature to destroy or impair any liens previously obtained upon the property of the insolvent.

It has been held under a similar statute, that a debt secured by mortgage, was extinguished by an insolvent's discharge, so that no judgment could be obtained against the mortgagor upon any personal covenants to pay the mortgage debt; nor could the owner of the mortgage obtain a decree against the mortgagor for a deficiency after sale of the mortgaged premises. (*Loan Officers of Albany* agt. *Capron*, 17 *J. R.* 44.)　Judge SPENCER, in delivering the opinion of the court, says:　" The mortgagee may hold on to his lien, but if he resorts to the person, the debtor is absolved by the discharge."

The liens of judgments and mortgages are put upon the same footing by the statute under which the discharge was granted in the case at bar (2 *R. S.* 36, § 11); and the debt is not saisfied by the discharge, except as a personal demand against the insolvent.　The judgment may still be enforced by execution against the real estate upon which it had become a lien, prior to the proceedings of the defendant to obtain his discharge.　The discharge, when granted, will defeat a suit upon the judgment, but it will not destroy the lien. Whatever liens the judgment creditor has obtained before the insolvency is declared, are preserved by the statute, and may be paid off by the assignees or not, as the interests of the creditors shall require.

It is stated in the motion papers that prior liens existed to an amount sufficient to exhaust the real estate in controversy. If any of these liens were held by the petitioning creditors, and they have made the declaration required by statute to enable them to become petitioning creditors, then the assignees of the insolvent took the title of the lien holders for the benefit of all the creditors, and they could sell the property upon which the liens existed, and distribute the proceeds of sale equally among the creditors.　And in case of a surplus, it

would belong to the junior incumbrancer, who had not united in the petition of the insolvent.

But the papers before us do not show that the real estate in question was sold by the assignees to satisfy any prior liens surrendered to them by the petitioning creditors. I do not see any grounds, therefore, upon which this court can limit the right of the plaintiff to proceed at law to enforce the lien of his judgment as against the real estate in question. It was the privilege of the purchasers under the assignees to redeem. They only acquired the equity of redemption by the purchase of the land from the assignees of the insolvent.

Upon the facts so far as they are disclosed to us in the papers, I see no reason for interfering with the collection of the judgment as against the real estate of the insolvent, upon which it had become a lien long before the proceedings to obtain his discharge.

The order should, therefore, be reversed, upon either aspect of the case.

Justice MULLIN read an opinion in favor of reversing the order, upon the ground that the matter in dispute had been arbitrated under the stipulation of the parties, and the decree of Justice BACON, at chambers, had the effect of an award.

BACON and FOSTER, Justices, expressed the opinion that the parties might be *estopped* by their stipulation from taking that objection, if the order had been properly entered as of the special term ; and they concurred with Justice MORGAN in the opinion that the order of the special term should be reversed, as it appeared upon its face to be founded upon the authority of the decision of the judge at chambers, under the stipulation, but without prejudice to a motion to the court at special term to set aside the stipulation and the proceedings under it.

Ordered accordingly.